USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/6/10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>DAVID ABISH, CHRISTOPHER BETTS, MARK CHARVAT, MICHAEL COHN, JAMES CORCORAN, CHARLES DISTEFANO, PAUL FEENY, STEPHEN GOURLAY, BRIAN KEARNEY, MICHAEL MACCAULL, TIMOTHY MATTHEWS, ROBERT PRATT, MARIO RODRIGUEZ, WILLIAM SCUTERI, SCOTT SIEGEL, DONALD TURNEY, ANDREW TURSI AND DAVID WEEKS,<br><br>Defendants. | 00 Civ. (0978) (BSJ) |

## FINAL JUDGMENT AS TO DEFENDANT PAUL FEENY

The Securities and Exchange Commission having filed a Complaint and Defendant Paul Feeny ("Feeny") having entered a general appearance; consented to the Court's jurisdiction over Feeny and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Feeny and Feeny's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5

promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

- (a) to employ any device, scheme, or artifice to defraud;
- (b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or
- (c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Feeny and Feeny's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

- (a) to employ any device, scheme, or artifice to defraud;
- (b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

2

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

### III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Feeny and Feeny's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rules 101 and 102 of Regulation M thereunder [17 C.F.R. § 242.101; 17 C.F.R. § 242.102], by, in connection with a distribution of securities, directly or indirectly, bidding for, purchasing, or attempting to induce any person to bid for or purchase, the security that is the subject of the distribution, or any reference security, during the applicable restricted period, which is defined as:

    (a)    For any security with an average daily trading volume value of $100,000 or more of an issuer whose common equity securities have a public float value of $25 million or more, the period beginning on the later of one business day prior to the determination of the offering price or such time that a person becomes a distribution participant, and ending upon such person's completion of participation in the distribution;

    (b)    For all other securities, the period beginning on the later of five business days prior to the determination of the offering price or such time that a person becomes a distribution participant, and ending upon such person's completion of participation in the distribution; and

(c)     In the case of a distribution involving a merger, acquisition, or exchange offer, the period beginning on the day proxy solicitation or offering materials are first disseminated to security holders, and ending upon the completion of the distribution,

while acting as an underwriter, prospective underwriter, broker, dealer, or other person who has agreed to participate or is participating in the distribution, or as an affiliated purchaser of such distribution participant, in the absence of an applicable exception or exemption under Sections 101(b) or 101(c) of Regulation M [17 C.F.R. § 242.101(b) or 101(c)].

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Feeny is liable for disgorgement of $182,000, representing profits gained as a result of the conduct alleged in the Complaint in installments according to the following schedule: (1) $25,000, within 10 days of entry of this Final Judgment; (2) $25,000 within the first year following entry of the Final Judgment plus post-judgment interest pursuant to 28 U.S.C. § 1961; $25,000 within the second year following entry of the Final Judgment plus post-judgment interest pursuant to 28 U.S.C. § 1961; $30,000 within the third year following entry of the Final Judgment plus post-judgment interest pursuant to 28 U.S.C. § 1961; $35,000 within the fourth year following entry of the Final Judgment plus post-judgment interest pursuant to 28 U.S.C. § 1961; and $42,000 within the fifth year following entry of the Final Judgment plus post-judgment interest pursuant to 28 U.S.C. § 1961.

Feeny shall satisfy this obligation by making the payments in accordance with the above schedule by certified check, bank cashier's check, or United States postal money order payable to

the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying Feeny as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

If Feeny fails to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this Final Judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately without further application to the Court.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Feeny shall comply with all of the undertakings and agreements set forth therein.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

VII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: Oct 5, 2010

_____
UNITED STATES DISTRICT JUDGE

## CONSENT OF DEFENDANT PAUL FEENY

1. Defendant Paul Feeny ("Feeny") waives service of a summons and the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Feeny and over the subject matter of this action.

2. Without admitting or denying the allegations of the complaint (except as to personal and subject matter jurisdiction, which Feeny admits), Feeny hereby consents to the entry of the Final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein.

3. Feeny waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

4. Feeny waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

5. Feeny enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Feeny to enter into this Consent.

6. Feeny agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

7. Feeny will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

8. Feeny waives service of the Final Judgment and agrees that entry of the Final

Judgment by the Court and filing with the Clerk of the Court will constitute notice to Feeny of its terms and conditions. Feeny further agrees to provide counsel for the Commission, within thirty days after the Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Feeny has received and read a copy of the Final Judgment.

9. Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Feeny in this civil proceeding. Feeny acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Feeny waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Feeny further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Feeny understands that he shall not be permitted to contest the factual allegations of the complaint in this action.

10. Feeny understands and agrees to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while

8

denying the allegation in the complaint or order for proceedings." 17 C.F.R. § 202.5. In compliance with this policy, Feeny agrees: (i) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; and (ii) that upon the filing of this Consent, Feeny hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint. If Feeny breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Feeny's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

11. Feeny hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Feeny to defend against this action. For these purposes, Feeny agrees that Feeny is not the prevailing party in this action since the parties have reached a good faith settlement.

12. In connection with this action and any related judicial or administrative proceeding or investigation commenced by the Commission or to which the Commission is a party, Feeny (i) agrees to appear and be interviewed by Commission staff at such times and places as the staff requests upon reasonable notice; (ii) will accept service by mail or facsimile transmission of notices or subpoenas issued by the Commission for documents or testimony at depositions, hearings, or trials, or in connection with any related investigation by Commission

staff; (iii) appoints Feeny's undersigned attorney as agent to receive service of such notices and subpoenas; (iv) with respect to such notices and subpoenas, waives the territorial limits on service contained in Rule 45 of the Federal Rules of Civil Procedure and any applicable local rules, provided that the party requesting the testimony reimburses Feeny's travel, lodging, and subsistence expenses at the then-prevailing U.S. Government per diem rates; and (v) consents to personal jurisdiction over Feeny in any United States District Court for purposes of enforcing any such subpoena.

13. Feeny agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

14. Feeny agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: 9/27/10

Paul Feeny

On September 27, 2010, Paul Feeny, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

Notary Public
Commission expires:

DIMITAR TIMNEV
NOTARY PUBLIC – CONNECTICUT
My Comm Expires April 30, 2012

Approved as to form:

Michael S. Sommer, Esq.
Wilson Sonsini Goodrich & Rosati
1301 Avenue of the Americas
New York, New York 10019
Attorney for Defendant Feeny

10